UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Allen Brown,<br>Sebron Russell,<br>Marquise Cooper,<br>Janiero Booth,<br>Jowaun Jones,<br>Shawn Mcgee,<br>Salvador Munguia,<br>Jasmine Kumar, and<br>Felicia Sanders.<br><br>    Defendants. | CASE NO. 25-CR-00 402-JST<br><br>**ORDER APPOINTING JOHN C. ELLIS, JR. AS COORDINATING DISCOVERY ATTORNEY** |

It is hereby **ORDERED** that John C. Ellis, Jr., is appointed as Coordinating Discovery Attorney for court-appointed defense counsel. The Coordinating Discovery Attorney shall oversee any discovery issues common to all defendants with court-appointed counsel. His responsibilities will include:

- Manage and, unless otherwise agreed upon with the Government, distribute discovery produced by the Government and relevant third party information common to defense counsel for all defendants;
- Evaluate the volume and type of discovery to determine what technologies

will ensure duplicative costs are avoided and that the most efficient and cost-effective methods are identified;

- Act as a liaison with the United States Attorney's Office to ensure the timely and effective exchange of discovery, resolve form of production issues, and coordinate solutions for any technical problems accessing discovery;
- Engage with third-party technology vendors and other litigation support services as needed;
- Identify any additional human resources that may be needed by defense counsel for the organization and substantive review of information; and
- Provide technological tools and training services to the defense teams as a group and individually to ensure efficiency locating relevant data within discovery.

The Coordinating Discovery Attorney's duties do not include providing representation services, and therefore will not be establishing an attorney-client relationship with any of the defendants. Discovery intended for counsel of a specific defendant and not to be shared among all defense counsel, shall be produced by the Government directly to defense counsel for that defendant. For discovery common to all defendants ("common discovery"), discovery issues specific to any defendant shall be addressed by defense counsel directly with the Government and not through the Coordinating Discovery Attorney.

For common discovery that has already been produced by the Government prior to this Order, the Government shall provide a copy to the Coordinating Discovery Attorney. Additional common discovery not already produced shall be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to all defense counsel, unless otherwise agreed to by the parties. When the Government elects to produce discovery directly to defense counsel, it shall simultaneously provide a copy to the Coordinating Discovery Attorney. The Government shall work with the Coordinating Discovery Attorney

1  to provide discovery in a timely manner.

2  His time and the time spent by his staff will be paid by the Administrative
3  Office of the U.S. Courts, Defender Services Office. However, the CDA shall
4  petition this Court, ex parte and under seal, for funds for outside vendor services.
5  The CDA shall monitor all vendor invoices to confirm the work that was performed.
6  All petitions for outside services shall include a basis for the requested funds and a
7  determination that the costs of the services are reasonable.

8  The Coordinating Discovery Attorney may also provide this Court with
9  monthly *ex parte* and under seal status reports depicting the status of work and
10 whether that work remains within the budget of any funds authorized by the Court,
11 with a copy provided to defense counsel.

12 **IT IS SO ORDERED.**

13 Dated:  January 14, 2026

_____
JON S. TIGAR
United States District Judge